943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Darrell Franklin McFARLAND and Brenda Kay McFarland, Debtors.
John F. WEAVER, Trustee, Plaintiff-Appellant,
v.
FORD MOTOR CREDIT COMPANY, Defendant-Appellee.
 No. 90-6358.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and DOWD, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff John Weaver, trustee in bankruptcy, appeals the judgment of the district court reversing the bankruptcy court's decision that the trustee could avoid as preferential transfers the security interests in two automobiles held by defendant Ford Motor Credit Company (FMCC).
 
 
 2
 For the reasons stated by the district court judge in his well-written opinion, we affirm.
 
 I.
 
 3
 The debtors, Darrell and Brenda McFarland, decided to trade in their 1987 Nissan 300 ZX in order to purchase two cars. On September 2, 1988, they executed purchase option and installment contracts with salesman Mark Cohen of Gary Yeomans Ford to purchase a 1988 Ford Escort and a 1988 Ford Bronco II. The installment contracts gave Gary Yeomans a security interest in the cars. Cohen and the debtors expressly agreed that the contracts were subject to FMCC's financing both cars. After the contracts were executed, Gary Yeomans gave the McFarlands the new cars for their use without mileage restrictions or driving limitations, while the paperwork was forwarded to FMCC for approval of the McFarlands' credit.
 
 
 4
 Ford Motor Credit did not agree to finance the purchase of the Bronco until September 15, when Gary Yeomans offered to guarantee $2,500 of the purchase price. On September 19, Yeomans applied for a Tennessee certificate of title on the Bronco, and on September 21, Yeomans applied for a certificate for the Escort. The certificates for both cars were issued on October 28, 1988.
 
 
 5
 On September 28, 1988, the McFarlands filed a joint petition for bankruptcy under Chapter 7 of the Bankruptcy Code. The trustee sued FMCC to avoid the security interests in the two cars as preferential transfers.
 
 II.
 
 6
 A trustee may avoid as preferential any transfer of an interest of the debtor in property "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). A transfer is only effective under the code if it is perfected within ten days. 11 U.S.C. § 547(e)(2). No transfer may occur "until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3). At issue in this case was whether a transfer occurred on September 2. The bankruptcy court concluded that the trustee could avoid the transfers as preferential because the debtors, who had rights in the collateral on September 2 pursuant to the installment contracts, conveyed security interests on September 2, which were not perfected until September 19 and September 21, more than ten days after they attached.
 
 
 7
 The district court reversed the decision of the bankruptcy court. The district court found that the debtors and Gary Yeomans agreed that a condition precedent to the sale of the two cars was the attainment of financing for both cars from FMCC and that this condition was not fulfilled until September 15. Because the debtors had only possessory rights on September 2, the court concluded that they could not convey any attachable security interests in the cars to FMCC on that date. As FMCC timely perfected its security interests within ten days of September 15, the district court held that the transfers were not preferential.
 
 III.
 
 8
 United States District Judge James H. Jarvis of the Eastern District of Tennessee thoroughly analyzed the facts and law of this case in a well-reasoned opinion. As we completely agree with Judge Jarvis' opinion and do not believe we can improve upon it, we AFFIRM for the reasons stated in his opinion.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation